

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 3, 1961

Honorable Charles L. Morris
Executive Director
Veterans Affairs Commission
Austin, Texas

Opinion No. WW-977

Re: Whether the University
of Houston is legally re-
quired to grant to certain
veterans the right of
exemption from payment
of tuition fees and
charges in accordance with
Article 2654b-1, Vernon's
Dear Mr. Morris: Civil Statutes.

We are in receipt of your letter in which you request
an opinion of this office as to "whether the University of
Houston is legally required to grant to certain veterans
the right of exemption from payment of tuition fees and
charges in accordance with Article 2654b-1 of Vernon's
Annotated Civil Statutes (also known as the Hazelwood
Act)."

Article 2654b-1 reads in part as follows:

"Section 1. The governing boards of the
several institutions of collegiate rank, support-
ed in whole or in part by public funds appropriated
from the State Treasury, are hereby authorized and
directed to except and exempt all citizens of Texas,
who have resided in Texas for a period of not less
than twelve (12) months prior to the date of regis-
tration, and who served during the Spanish-American
and/or during the World War as nurses or in the
Armed Forces of the United States during the World
War and who are honorably discharged therefrom, and
who were bona fide legal residents of this State at
the time of entering such service, from the payment
of all dues, fees and charges whatsoever; . . ."

Article 2654b-1 is in Title 49 of Vernon's Annotated Civil Statutes entitled Education-Public. This title is divided into 22 Chapters and the Article in question is in Chapter 9A entitled Tuition and Control of Funds of State Institutions.

The first article in Chapter 9A is Article 2654a which reads in part as follows:

"Section 1. No state educational institution shall collect from the student thereof any tuition, fee or charge of any kind whatever except as permitted by law, and no student shall be refused admission to or discharged from any such institution for the non-payment of any tuition, fee or charge except as permitted by law.

"Sec. 3. The words 'state educational institutions' as used in this Act shall include the following and any branch thereof: The University of Texas; the Agricultural and Mechanical College of Texas; Texas Western College; Tarleton State College; Arlington State College; Prairie View Agricultural and Mechanical College; Texas Technological College; Texas Southern University; Texas Woman's University; Texas College of Arts and Industries; Lamar State College of Technology; North Texas State College; Stephen F. Austin State College; Sul Ross State College; West Texas State College; East Texas State College; Sam Houston State Teachers College; Southwest Texas State College; Midwestern University; and any other state educational institutions either heretofore provided for or hereafter to be provided for under the Laws of this state."

Article 2654b was first enacted by the Forty-Third Legislature in House Bill No. 15 of the First Called Session. The Caption of this Act reads in part as follows:

"An Act authorizing and directing the governing boards of the several State supported institutions of collegiate rank to except and exempt . . ."

Article 2654b was amended along with Article 2654a at page 99 of the Acts of 1959, Fifty-Sixth Legislature, Second Called Session. The Caption of this Act reads in part as follows:

"An Act relating to tuition and fees at state-supported institutions of higher education . . ."

It is our opinion in reading Chapter 9A as a whole, along with the Captions to the various Acts included in this Chapter, that the schools intended to be governed are the state schools, supported by funds appropriated from the State Treasury and other public funds, which are defined in Articles 2654a and 2654c, Vernon's Annotated Civil Statutes.

The University of Houston receives a junior college appropriation from the Legislature based upon the freshmen and sophomore students. This aid is used by the University of Houston to apply on and thereby reduce the tuition charged for freshmen and sophomore students. This enables the University of Houston to reduce the tuition in their junior college division by approximately $150.00 per academic year. The state funds are therefore used for the benefit of individual students rather than the University as a whole. The University of Houston receives no other public funds, and to this extent is unique since the other institutions receiving state funds are fully supported by such funds and other public funds.

In view of these facts and after studying Title 49 of Vernon's Civil Statutes, particularly Chapter 9A, it is our opinion that the intent of the Hazelwood Act was to grant exemption of tuition to veterans attending state colleges and universities which are fully supported by State aid and other public funds.

We therefore answer your question in the negative.

## S U M M A R Y

The University of Houston is not legally required to exempt the payment of tuition fees by certain

veterans in accordance with Article
2654b-1, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Robert A. Rowland*

Robert A. Rowland
Assistant

RAR:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John L. Estes
Linward Shivers
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore